PROB 12B
(7/93)



*United States District Court*

for

*District of Guam*

FILED
DISTRICT COURT OF GUAM
MAY 16 2006
MARY L.M. MORAN
CLERK OF COURT

### Report for Modifying the Conditions or Term of Supervision with Consent of the Offender
(Probation Form 49, Waiver of Hearings is Attached)

Name of Offender     **Harvey F.T. Candaso**     Case Number: **CR 03-00076-001**

Name of Sentencing Judicial Officer:     John S. Unpingco

Date of Original Sentence:     December 15, 2003

Original Offense:     False Statement to a Government Agency, in violation of Title 18, United States Code, Sections 1001.

Original Sentence:     Six months imprisonment followed by three years supervised release with the following conditions: comply with the standard conditions of supervised release as set forth by the U.S. Probation Office; not posses a firearm, destructive device, or any other dangerous weapon; not commit another federal, state, or local crime; not illegally posses a controlled substance and submit to one urinalysis within 15 days after sentencing and to two more urinalyses thereafter; obtain and maintain employment; perform 400 hours of community service; refrain from the use of any and all alcoholic beverages; participate in a program approved by the U.S. Probation Office for assessment of drug or alcohol dependency, if it is determined that he is in need of treatment, participate in a substance abuse treatment program, and submit to any method of testing as approved by the U.S. Probation Office for determining whether the defendant is using a prohibited substance; and pay a $100 special assessment fee.

Type of Supervision:     Supervised Release     Date Supervision Commenced:     July 21, 2004

### PETITIONING THE COURT

☐ To extend the term of supervision for     years, for a total term of     years.

☒ To modify the conditions of supervision as follow

1. The 216 hour balance of the 400 hours of community service originally ordered shall be waived.

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

ORIGINAL

Report for Modifying the
Conditions or Term of Supervision
with Consent of Offender

CAUSE

page 2

*Please see attached Request to Modify Conditions of Supervised Release
by USPO GRACE D. FLORES*



Reviewed by: **DISTRICT COURT OF GUAM HAGATNA, GUAM** *(RECEIVED MAY 11 2006)*

Respectfully submitted,

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader
Date: 5/11/06

by: GRACE D. FLORES
U.S. Probation Officer
Date: May 10, 2006

THE COURT ORDERS

☐ No Action

☐ The Extension of Supervision as Noted Above.

☒ The Modification of Conditions as Noted Above.

☐ Other    Issuance of a: ☐ Summons    ☐ Warrant

JOHN C. COUGHENOUR, Designated Judge
Signature of Judicial Officer
5/16/06
Date

PROB 49
(3/89)

# United States District Court


RECEIVED
APR 10 2006
U.S. Probation Office
District of Guam

for
*District of Guam*
**Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision**

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1.     The 216 hour balance of the 400 hours of community service originally ordered shall waived.

2.     The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

Witness: _____ Gregory Kwon _____ Signed: _____ Harvey F.T. Candaso _____
                  U.S. Probation Officer                                           Probationer or Supervised Releasee
                                                          3/24/06
                                                           Date

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>vs.<br><br>HARVEY F.T. CANDASO<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CRIMINAL CASE NO. 03-00076-001 |

**Re:   Request to Modify Conditions of Supervised Release.**

On December 15, 2003, Harvey F.T. Candaso was sentenced in the U.S. District Court of Guam by Chief Judge John S. Unpingco to six months imprisonment for the offense of False Statement to Government Agency, in violation of 18 U.S.C. §1001. Following imprisonment, he was ordered to serve three years supervised release with the following special conditions: comply with the standard conditions of supervised release as set forth by the U.S. Probation Office; obtain and maintain employment; perform 400 hours of community service; refrain from the use of alcohol; participate in a program approved by the U.S. Probation Office for assessment of drug or alcohol dependency, if it is determined that he is in need of treatment participate in a substance abuse treatment program, obtain and maintain gainful employment; submit to any method of testing as approved by the U.S. Probation Office for determining whether the defendant is using a prohibited substance.   His term of supervised release will expire on July 21, 2007.

**Special Condition #1:** *The defendant shall perform 400 hours of community service.* On September 30, 2005, the Court granted Mr. Candaso permission to travel to California for emergency medical treatment of his minor son who is being treated at Children's Hospital in Los Angeles for acute lymphoblastic leukemia. Attending physician, Dr. Leo Macarenhas, provided documentation that Mr. Candaso's son will be treated for three and a half years which requires the care of at least one parent. Mr. Candaso is the primary caregiver since his wife, Esther Candaso's, employment is mandatory as it covers their insurance needs.  Based on the information provided by Dr. Macarenhas and the estimated length of time Mr. Candaso will need to be in California for the care of his son, his supervision was transferred to the U.S. Probation Office in the Central District of California on February 17, 2006.

Prior to Mr. Candaso's departure, he had completed 184 hours of community service performance of the 400 hours ordered at sentencing. In consideration of his situation, the Central District of California Probation Office has recommended that the 216 hour balance of community service be waived. This Officer supports this request, and Assistant United States Attorney Jeffrey Strand, has stated that he has no objection to the modification as stated in the petition.

**Mandatory Condition #1:** *The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test with 15 days of release from imprisonment and at least two periodic drug tests thereafter as directed by the probation officer.* On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated the Mr. Canadso's history of drug use, and the drug detection period of his drug of choice. As methamphetamine is the his drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to Mr. Candaso. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify the defendant's mandatory condition to set the maximum number of tests the defendant must submit. It is therefore recommended that the mandatory condition be modified to state:

> The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

**Supervision Compliance:** Mr. Candaso has been fully compliant with his conditions of supervised release. He has completed 184 hours of the 400 hours of community service. On May 28, 2005, he graduated from the Superior Court of Guam Adult Drug Court program and on September 15, 2005, he completed drug aftercare. There have been no adverse reports filed on Mr. Candaso.

Request to Modify Conditions of Supervised Release
Re:   CANDASO, Harvey F.T.
USDC Cr. Cs. No. 03-00076-001
May 10, 2006
Page 3

**Recommendation:** Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr.Candaso's consent to the modifications.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: _____
GRACE D. FLORES
U.S. Probation Officer

Reviewed by:

_____
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc:   Jeffrey Strand, Assistant United States Attorney
      Rawlen M.T. Mantanona
      File